**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) **CIVIL ACTION NO. 13-cv-6656** ) |
| **ROSEBUD RESTAURANTS, INC.; CARMINE'S; GAMA, INC. d/b/a THE ROSEBUD; ROSE DEARBORN, INC. d/b/a ROSEBUD PRIME; ROSE NORTHWEST, INC. d/b/a/ ROSEBUD OLD WORLD ITALIAN; ROSE EAST, INC. d/b/a ROSEBUD STEAKHOUSE; ROSEBUD ITALIAN COUNTRY HOUSE AND PIZZERIA a/k/a ROSEBUD-DEERFIELD; ROSETTE'S, INC. d/b/a THE ROSEBUD THEATRE DISTRICT; ROSE NORTH, INC. d/b/a ROSEBUD OF HIGHLAND PARK; ROSE WEST, INC. d/b/a/ ROSEBUD ITALIAN SPECIALTIES AND PIZZERIA; ROSEBUD BURGER & COMFORT FOODS; ILLINOIS DEARBORN, LLC d/b/a ROSEBUD TRATTORIA; ROSE HUBBARD, LLC d/b/a EATT and/or BAR UMBRIAGO and/or RISTORANTE CENTRO; and ROSE RUSH, INC. d/b/a ROSEBUD ON RUSH** | ) **COMPLAINT** ) ) **JURY TRIAL DEMAND** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) ) |

1

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to a class of black applicants who were adversely affected by such practices. The Equal Employment Opportunity Commission (Commission) alleges that Defendants Rosebud Restaurants, Inc.; Carmine's; GAMA, Inc. d/b/a The Rosebud; Rose Dearborn, Inc. d/b/a Rosebud Prime; Rose Northwest, Inc. d/b/a Rosebud Old World Italian; Rose East, Inc. d/b/a Rosebud Steakhouse; Rosebud Italian Country House and Pizzeria a/k/a Rosebud-Deerfield; Rosette's, Inc. d/b/a/ The Rosebud Theatre District; Rose North, Inc. d/b/a Rosebud of Highland Park; Rose West, Inc. d/b/a Rosebud Italian Specialties and Pizzeria; Rosebud Burger & Comfort Foods; Illinois Dearborn, LLC d/b/a Rosebud Trattoria; Rose Hubbard, LLC d/b/a EATT and/or Bar Umbriago and/or Ristorante Centro; and Rose Rush, Inc. d/b/a Rosebud on Rush (collectively, Defendants), have discriminated against a class of African-Americans by failing or refusing to hire them because of their race. EEOC further alleges that Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed, including failing to keep applications for employment for one year, as required by 29 C.F.R. § 1602.14, and failing to file Employer Information Report EEO-1s (EEO-1 reports) prior to 2009, as required by 29 C.F.R. §§ 1602.7-1602.11.

JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for Northern District of Illinois, Eastern Division.

PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	At all relevant times, Defendant Rosebud Restaurants, Inc. has continuously been a corporation doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5.	At all relevant times, Defendant Carmine's has continuously been a corporation doing business in the State of Illinois and City of Chicago, and has continuously had at least 15 employees.

6.	At all relevant times, Defendant Gama, Inc. d/b/a The Rosebud has continuously been a corporation doing business in the State of Illinois and City of Chicago, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Rose Dearborn, Inc. d/b/a Rosebud Prime has continuously been a corporation doing business in the State of Illinois and City of Chicago, and has continuously had at least 15 employees.

8. At all relevant times, Defendant Rose Northwest, Inc. d/b/a Rosebud Old World Italian has continuously been a corporation doing business in the State of Illinois and City of Schaumburg, and has continuously had at least 15 employees.

9. At all relevant times, Defendant Rose East, Inc. d/b/a Rosebud Steakhouse has continuously been a corporation doing business in the State of Illinois and City of Chicago, and has continuously had at least 15 employees.

10. At all relevant times, Rosebud Italian Country House and Pizzeria a/k/a Rosebud-Deerfield has continuously been a corporation doing business in the state of Illinois, City of Deerfield, and has continuously had at least 15 employees.

11. At all relevant times, Defendant Rosette's, Inc. d/b/a The Rosebud Theatre District has continuously been a corporation doing business in the State of Illinois and City of Chicago, and has continuously had at least 15 employees.

12. At all relevant times, Defendant Rose North, Inc. d/b/a Rosebud of Highland Park had been a corporation doing business in the State of Illinois and City of Highland Park, and continuously had at least 15 employees.

13. At all relevant times, Defendant Rose West, Inc., d/b/a Rosebud Italian Specialties and Pizzeria has continuously been a corporation doing business in the State of Illinois and City of Naperville, and has continuously had at least 15 employees.

14. At all relevant times, Rosebud Burger and Comfort Foods had continuously been a corporation doing business in the State of Illinois, City of Naperville, and continuously had at least 15 employees.

15. At all relevant times, Illinois Dearborn, LLC d/b/a Rosebud Trattoria had continuously been a limited liability company doing business in the State of Illinois and City of Chicago, and continuously had at least 15 employees.

16. At all relevant times, Rose Hubbard, LLC d/b/a EATT and/or Bar Umbriago and/or Ristorante Centro has continuously been a limited liability company doing business in the State of Illinois and City of Chicago, and has continuously had at least 15 employees.

17. At all relevant times, Defendant Rose Rush, Inc., d/b/a/ Rosebud on Rush has continuously been a corporation doing business in the State of Illinois and City of Chicago, and has continuously had at least 15 employees.

18. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

19. More than thirty days prior to the institution of this lawsuit, a charge was filed with the Commission by Constance Barker, a member thereof, alleging violations of Title VII by Defendants.

20. On August 16, 2012, the EEOC determined that Defendants discriminated against a class of individuals based on their race, African-American, in that they failed to recruit and hire African-Americans, in violation of Title VII.

21. Prior to institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below through informal methods of conciliation, conference, and persuasion:

    A. On August 16, 2012, the Commission invited Defendants to engage in informal conciliation efforts to eliminate the practices the Commission found unlawful.

    B. During the period August 16, 2012, to April 24, 2013, the Commission and Defendants engaged in such informal efforts.

    C. On April 24, 2013, the Commission determined that it was unable to obtain an agreement acceptable to the Commission by informal methods of conciliation, conference, and persuasion, and concluded those efforts.

22. All conditions precedent to the institution of this lawsuit have been fulfilled.

23. With the exception of Defendant Rosebud Restaurants, Inc., each of the Defendants is a restaurant located in Chicago or its suburbs.

24. Defendant Rosebud Restaurants, Inc. manages the operations of each of the other Defendants' restaurants.

25. Defendants are, collectively, a single employer and/or joint employer of individuals employed at Defendants' restaurants.

26. Each individual employed at any of Defendants' restaurants is jointly employed by Defendant Rosebud Restaurants, Inc. and at least one of the other Defendants.

27. From at least November 4, 2009, to the present, Defendants have engaged in unlawful employment practices at all restaurants that they manage and/or operate, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such unlawful employment practices include failing or refusing to hire African-Americans because of their race. Specifically:

    A.    Alex Dana, the individual who owns and/or ultimately controls Rosebud Restaurants, Inc. and the other Defendants, has expressed a preference not to hire black job applicants. Other management employees at Defendants have done so, as well.

    B.    As a result, few black individuals are employed at Defendants' restaurants; indeed, at the time the underlying charge of discrimination was filed, most of Defendants' restaurants had no black employees.

28. The discrimination alleged above was done at the direction of Defendant Rosebud Restaurants, Inc., whose employees were decisionmakers for restaurant-level hiring decisions.

29. The effect of the unlawful employment practices alleged above has been to deprive a class of African-Americans of equal employment opportunities and otherwise adversely affect their status because of their race.

30. The unlawful employment practices alleged above were and are intentional.

31. The unlawful employment practices alleged above were and are done with malice or with reckless indifference to the federally protected rights of a class of African-Americans.

32. Since at least November 4, 2009, Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed, including failing to keep applications for employment for one year, as required by 29 C.F.R. § 1602.14.

33. Defendant Rosebud Restaurants, Inc has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed, including failing to file EEO-1 reports prior to 2009, in violation of 29 C.F.R. §§ 1602.7-1602.11.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole a class of African-Americans, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, rightful place hiring of a class of African-Americans.

D. Order Defendants to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

   E. Order Defendants to make whole a class of African-Americans by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices alleged above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

   F. Order Defendants to make whole a class of African-Americans by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices alleged above, in amounts to be determined at trial.

   G. Order Defendants to pay a class of African-Americans punitive damages for their malicious and reckless conduct alleged above, in amounts to be determined at trial.

   H. Grant such further relief as the Court deems necessary and proper in the public interest.

   I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        David P. Lopez
        General Counsel

        James Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        Equal Employment Opportunity Commission
        1801 "L" Street, N.W.
        Washington, D.C. 20507


        s/ John C. Hendrickson
        John C. Hendrickson

Regional Attorney

s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

s/ Ann Henry
Ann Henry
Trial Attorney

s/ Justin Mulaire
Justin Mulaire
Trial Attorney