IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 13-cv-06656 |
| v. | ) ) | Judge Andrea R. Wood |
| ROSEBUD RESTAURANTS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Rosebud Restaurants Inc. and thirteen of its related corporate entities (collectively, "Defendants")[1] had a practice of refusing to hire African-Americans because of their race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 17.) For the reasons stated below, Defendants' motion is denied.

### BACKGROUND

The EEOC's complaint alleges that Rosebud Restaurants Inc. manages the operations of the other Defendants, and that together Defendants are joint employers or, collectively, a single employer of the individuals working at each Defendant restaurant. (Compl. ¶¶ 24-25, Dkt. No. 1.) The complaint further alleges that from November 2009 to the present, Defendants have failed or refused to hire African-Americans because of their race. (*Id.* ¶ 27.) According to the

---
[1] The thirteen related entities include: Carmine's, Gama, Inc., Rose Dearborn, Inc., Rose Northwest, Inc., Rose East, Inc., Rosebud Italian Country House and Pizzeria, Rosette's, Inc., Rose North, Inc., Rose West, Inc., Rosebud Burger & Comfort Foods, Illinois Dearborn, LLC, Rose Hubbard, LLC, and Rose Rush, Inc.

complaint, Alex Dana, the individual who owns or controls Defendants, "has expressed a preference not to hire black job applicants." (*Id.*) As a result of this preference, few African-Americans are employed at Defendants' restaurants and most of the restaurants had no African-American employees at the time of the filing of the administrative charge that preceded this action. (*Id.*) The EEOC claims that Defendants' discrimination was intentional and done with malice or with reckless indifference to the federally-protected rights of a class of African-Americans in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a).

In addition to the discrimination claim, the EEOC also alleges that from November 2009 to the present, Defendants have failed to make and preserve records relevant to the determination of whether unlawful employment practices have been committed in a violation of § 709(c) of Title VII, 42 U.S.C. § 2000e-8(c). The complaint specifies that Defendants failed to preserve employment applications for one year and failed to file required EEO-1 employer information reports before 2009.

With the present motion, Defendants contend that the complaint fails to state a claim for relief and seek its dismissal. Specifically, Defendants argue that § 706 of Title VII, 42 U.S.C. § 2000e-5, the provision cited by the EEOC as authority for its claims, requires a complaint to name an individual aggrieved by the alleged discrimination and that no such individual has been named here. Defendants also argue that the complaint, in specifying that they failed to file EEO-1 reports before 2009, concedes Defendants' current compliance with their record-keeping obligations and forecloses any claim for further relief.

**DISCUSSION**

For purposes of a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint are taken as true and all inferences are drawn in favor of the non-moving party. *In re*

*marchFIRST Inc.,* 589 F.3d 901, 904 (7th Cir. 2009). To survive a Rule 12(b)(6) motion, a complaint must provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and to show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). The amount of detail required to meet this threshold varies with the complexity of the issues raised by the complaint. *Id.* In the Title VII context, the Seventh Circuit has described the necessary pleading detail as "minimal." *Id.* at 1084.

Defendants here contend that a complaint under § 706 must name a specific individual aggrieved by the alleged discrimination and that the EEOC's complaint in this case is insufficient because it fails to identify such a person. Their contention is based in part on the contrast between the language of § 706 and its neighboring provision, § 707 of Title VII, 42 U.S.C. § 2000e-6. Section 707 allows for the filing of a civil action against an employer "engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter." 42 U.S.C. § 2000e-6(a). Section 706, in contrast, does not contain the "pattern or practice" phrase. Thus, according to Defendants, the EEOC is authorized to bring actions under § 706 to assert the rights of aggrieved individuals and that at least one injured individual must be named in a complaint brought under that provision.

This argument is not supported by the language of Title VII, however. Section 706's authorization of EEOC actions contains no provision limiting such actions to matters brought on behalf of individuals. Instead, the EEOC is authorized under § 706 to prevent "any person from engaging in any unlawful employment practice" prohibited by Title VII. 42 U.S.C. § 2000e-5(a). It is undisputed that the failure to hire an individual because of his race is a practice made unlawful by § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). When performed on a regular,

3

purposeful, and widespread basis, such actions remain a subset of the discrimination prohibited by Title VII. *Puffer v. Allstate Ins. Co.,* 675 F.3d 709, 716 (7th Cir. 2012). Because widespread discriminatory actions are within the category of discrimination prohibited by Title VII, they are also within the authority granted to the EEOC by § 706. *See Serrano v. Cintas Corp.,* 699 F.3d 884, 896 (6th Cir. 2012).

The Supreme Court has confirmed that the EEOC has the authority to bring actions under § 706 in its own name. *Gen. Tel. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 324-25 (1980). In such actions, the EEOC "is not merely a proxy for the victims of discrimination," but is acting "to vindicate the public interest in preventing employment discrimination." *Id.* at 326; *see also EEOC v. Waffle House, Inc.,* 534 U.S. 279, 297-98 (2002). The conclusion that the EEOC may pursue widespread discrimination through an action under § 706 combined with the conclusion that it may pursue § 706 actions in its own name dictates the further conclusion that the EEOC may use that section to bring a civil action "in its own name to challenge a practice or policy that represents ongoing discrimination." *EEOC v. Harvey L. Walner & Assoc.,* 91 F.3d 963, 968 (7th Cir. 1996). These conclusions weigh in opposition to Defendants' argument that the EEOC must name an aggrieved individual to state a sufficient claim for relief in the present case.

Defendants cite a single precedent in support of the pleading requirement they advocate, *EEOC v. Bass Pro Outdoor World, LLC,* 884 F. Supp. 2d 499 (S.D. Tex. 2012), *reconsidered on other grounds,* 2014 WL 3795579 (S.D. Tex. Jul. 30, 2014). But the *Bass Pro* court did not find the EEOC's complaint insufficient solely on the basis of a failure to name aggrieved individuals. Rather, the court found the small number of racial incidents alleged to be too few and isolated to raise a plausible inference of a nationwide pattern or practice under § 707. 884 F. Supp. 2d at 517. The allegations of the complaint in the present action are readily distinguishable. Here, the

4

EEOC alleges that a single person who either owns or controls each of the Defendant entities possessed the intent to discriminate on the basis of race and made that intention known.

The *Bass Pro* court also construed the EEOC's claims under § 706 as retaliation claims, and found the complaint insufficient to state a claim for that cause of action as well. It was in the context of the retaliation claims, rather than any pattern or practice claim, that the court emphasized the complaint's failure to name any aggrieved individuals. 884 F. Supp. 2d at 521. But, as noted above, the sufficiency of a complaint is dependent upon the issues raised by its allegations, and retaliation claims have been held to require some specific description of the conduct that allegedly provoked the retaliation. *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 781 (7th Cir. 2007). As noted above, the detail required to permit an employment discrimination complaint to survive dismissal is minimal. *Tamayo,* 526 F.3d at 1084; *Concentra,* 496 F.3d at 781-82. Since the *Bass Pro* court assessed retaliation claims, which triggered different pleading standards than those raised by the discrimination complaint in this action, its ruling offers no basis for a similar disposition of the EEOC's claims here.

Thus, the Court concludes that the EEOC may bring its current claims against Defendants under the authorization provided by § 706 and that its allegations of intentional discrimination are sufficient to state a claim for Title VII relief in the even in the absence of the identification of an individual job applicant who was rejected because of his race.

Defendants also contend that the EEOC's allegations of recordkeeping violations must be dismissed. They assert that the complaint concedes their current compliance with their recordkeeping obligations with its allegation that they failed to file required reports prior to 2009. But Defendants cite no authority indicating that in determining a motion under Rule 12(b)(6), a court may draw inferences against the plaintiff on the basis of assertions not made by

its complaint. The drawing of such inferences would be inconsistent with the Court's previously stated obligation to take alleged facts as true and to draw inferences only in favor of the plaintiff for its 12(b)(6) analysis. *See In re marchFIRST Inc.,* 589 F.3d at 904. The Court further observes that the allegation of the failure to file required EEO reports is merely a component of the broader allegation that Defendants have failed to make and keep records required by Title VII. The Court finds no basis for dismissal of the EEOC's recordkeeping claims.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is denied.

ENTERED:

Dated: April 7, 2015

_____
Andrea R. Wood
United States District Judge